| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o J.L.,<br><br>                    Plaintiff<br><br>v.<br><br>QUEST DIAGNOSTICS INCORORATED,<br><br>                    Defendant | CIVIL ACTION NO.:<br>2:13-cv-02399 (KM) (MCA) |

## ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT QUEST DIAGNOSTICS INCORPORATED

Defendant Quest Diagnostics Incorporated, by way of answer to the Complaint of Plaintiff Patient Care Associates LLC a/s/o J.L. in the above-captioned matter, states as follows:

### THE PARTIES

1. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

2. Admitted.

3. Admitted.

4. Denied as stated. By way of further answer, it is admitted that Defendant Quest Diagnostics Incorporated (hereinafter "Quest") does provide a self-funded group health benefit plan (the "Plan") created pursuant and governed by the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., for eligible employees and dependants.

5. Denied as stated. It is admitted that J.L. is enrolled in the Plan of Quest.

6. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

## SUBSTANTIVE ALLEGATIONS

7. Denied as stated. By way of further answer, it is admitted that Quest administered a self-funded group health benefit plan organized pursuant to and governed by the terms of ERISA.

With respect to the balance of the allegations of this paragraph, it is admitted that the Plan provides access to medical providers who are not participating providers in the network of the claims administrator subject to the terms, limitations and conditions of the Plan.

8. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

9. The allegations of this paragraph fail to set forth a statement of fact or plead any claim as against this party. To the extent that any part of this paragraph might be construed as an allegation asserting a claim of wrongful act or omission on the part of this party, same is expressly denied.

10. Denied.

11. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

12. Denied.

13. Denied.

14. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

15. This party denies any damages of Plaintiff and denies causing any damages to Plaintiff. By way of further answer, denied.

**FIRST COUNT**
**(Violation of ERISA)**

16. Defendant Quest Diagnostics Incorporated incorporates by reference all of the answers to all of the allegations of paragraphs 1-15 of Plaintiff's Complaint as if set forth at length herein.

17. Admitted.

18. It is admitted that J.L. was enrolled in the Plan and is entitled to such benefits as are provided pursuant to the terms, limitations and conditions of the Quest Plan.

Except as so admitted, denied.

19. It is admitted that Quest is the plan administrator of the Plan in which J.L. was enrolled. As to the allegations concerning assignment of benefits, denied. It is denied that Defendant is the appropriate named fiduciary for the purpose of reviewing denied claims as set forth in §503 of ERISA, as that duty has been delegated to Aetna Life Insurance Company.

20. With respect to the allegations set forth in paragraph 20 of Plaintiff's

Complaint, it is admitted that Quest is the plan administrator of the Plan and that J.L. was enrolled in the Plan.

21. With respect to the allegations of the 21st paragraph of Plaintiff's Complaint, Denied as stated. By way of further answer, the claims submitted on behalf of Plaintiff were submitted to Aetna Life Insurance Company to whom was delegated the claims administration responsibility which included the preparation and submission of Explanations of Benefits and claims determinations. With respect to §503 of ERISA, Aetna Life Insurance Company is the appropriate named fiduciary for the purpose of reviewing denied claims under the Plan.

22. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

23. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

24. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

25. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

**WHEREFORE,** Defendant Quest Diagnostics Incorporated demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of Federal and State Law.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

30. Defendant Quest Diagnostics Incorporated incorporates by reference all of the answers to all of the allegations of paragraphs 1-29 of Plaintiff's Complaint as if set forth at length herein.

31. Denied as a proposed statement of law.

32. Denied as a proposed statement of law. By way of further answer, it is denied that Plaintiff was not provided with a determination of benefits in an Explanation of Benefits.

33. Denied as a proposed statement of law. By way of further answer, it is denied that Plaintiff has been denied any opportunity for hearing regarding any claims determination on behalf of the Plan.

34. Admitted.

35. Denied.

36. Denied.

**WHEREFORE,** Defendant Quest Diagnostics Incorporated demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of Federal and State Law.

## THIRD COUNT
### (Negligent Misrepresentation)

37. Defendant Quest Diagnostics Incorporated incorporates by reference all of the answers to all of the allegations of paragraphs 1-36 of Plaintiff's Complaint as if set forth at length herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**WHEREFORE,** Defendant Quest Diagnostics Incorporated demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of Federal and State Law.

## FOURTH COUNT

42. Defendant Quest Diagnostics Incorporated incorporates by reference all the answers to all the allegations of paragraphs 1-41 of Plaintiff's Complaint as if set forth at length herein.

43. This party currently has insufficient information to admit or deny all of the allegations of this paragraph and, therefore, said allegations are denied and Plaintiff is left to its proofs.

WHEREFORE, Defendant Quest Diagnostics Incorporated demands judgment dismissing Plaintiff's Complaint plus such other relief to which it is entitled as a matter of Federal and State Law.

CRAIG, ANNIN & BAXTER, LLP

_____
Paul D. Kelly, Esquire   PDK/9137
41 Grove Street
Haddonfield, NJ 08033
(856) 795-2220
*Attorney for Defendant
Quest Diagnostics Incorporated*

Dated: May 15, 2013

## AFFIRMATIVE DEFENSES

1. The actions of Defendant Quest Diagnostics Incorporated ("Defendant") were neither arbitrary nor capricious.

2. Plaintiff Patient Care Associates LLC a/s/o J.L. ("Plaintiff") has failed to exhaust the mandatory administrative remedies set forth in the Plan, and Defendant reserves the right to move for dismissal of Plaintiff's Complaint on that basis.

3. Plaintiff's claims as against Defendant are barred by virtue of the contractual limitations contained in the group health benefit plan.

4. Plaintiff's Complaint is barred by virtue of the fact that the services provided were not covered benefits under the terms of the group health benefit plan.

5. This party breached no duty.

6. Plaintiff's Complaint fails to state a claim upon which relief might be granted, and this party reserves the right to move for dismissal on that basis.

7. Plaintiff's Complaint is barred by virtue of the fact that Plaintiff's claim seeks benefits in excess of the benefits available under the group health benefit plan.

8. Plaintiff's Complaint is barred by virtue of Plaintiff's failure to obtain precertification.

9. Plaintiff's Complaint is barred by virtue of Plaintiff's failure to obtain authorization.

10. Plaintiff's claim is barred by Section 502(a) and Section 514(a) of ERISA, 29 U.S.C. §1132(a) and §1144(a).

11. Plaintiff's claim is barred by the express terms of the benefit plan.

12. Plaintiff's Complaint is barred by the entire controversy doctrine.

13. Plaintiff's Complaint is barred by the failure to obtain necessary referral.

14. Plaintiff's Complaint is barred because Plaintiff lacks Standing

CRAIG, ANNIN & BAXTER, LLP

*signature*

Paul D. Kelly, Esquire
41 Grove Street
Haddonfield, NJ 08033
(856) 795-2220
*Attorney for Defendant*
*Quest Diagnostics Incorporated*

Dated: May 15, 2013

## CERTIFICATION

The undersigned hereby states on behalf of the Defendant Quest Diagnostics Incorporated in this action, that the matter in controversy is not the subject of any other action pending in any other Court or pending arbitration proceeding to the best of this party's knowledge or belief, nor is any such other action or arbitration proceeding contemplated. Further, other than the parties set forth in this pleading, this party is aware of no other person or entity that should be joined in the above action. In addition, it is recognized that it is the continuing obligation of each party to file and serve upon all parties and the Court an Amended Certification if there is a change in the facts as stated in this original Certification.

CRAIG, ANNIN & BAXTER, LLP

*/s/ Paul D. Kelly*
Paul D. Kelly, Esquire   PDK/9131
41 Grove Street
Haddonfield, NJ 08033
(856) 795-2220
*Attorney for Defendant*
*Quest Diagnostics Incorporated*

Dated: May 15, 2013

9

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Paul D. Kelly, Esquire, is hereby designated as trial counsel.

CRAIG, ANNIN & BAXTER, LLP

*[signature]*

Paul D. Kelly, Esquire
41 Grove Street
Haddonfield, NJ 08033
(856) 795-2220
*Attorney for Defendant*
*Quest Diagnostics Incorporated*

Dated: May 15, 2013

10

## CERTIFICATE OF SERVICE

I, Kimberly Whelan, Legal Secretary to Paul D. Kelly, Esquire, hereby certify that the original of the within Answer and Affirmative Defenses has been filed with the Clerk, United States District Court for the District of New Jersey, via electronic filing, and that that a true and correct copy of the within pleading has been served this date, via first-class mail, postage prepaid, upon:

Andrew R. Bronsnick, Esquire
Massood & Bronsnick, LLC
50 Packanack Lake Road East
Wayne, NJ 07470-6663
*Attorneys for Plaintiff*
*Patient Care Associates LLC a/s/o J.L.*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_(signature)_
Kimberly Whelan, Legal Secretary
to Paul D. Kelly, Esquire

Dated: May 16, 2013